WESLEY M. MULLEN

MULLEN P.C.
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

**MEMO ENDORSED**

February 14, 2018

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  February 22, 2018
```

VIA ECF

     Re:  <u>Hanson v. Hanson</u>, No. 1:18-cv-0695-KPF

Your Honor,

I represent Plaintiff Wesla Hanson in this diversity action for conversion and replevin.

In accordance with Rule 4.A of the Court's Individual Practices, I write to request that the Court grant leave to take limited expedited discovery regarding the location and condition of the artwork that is the subject of this case. In the alternative, I request that the Court hold a pre-motion conference to discuss Plaintiff's anticipated motion for expedited discovery.

**I.  SUMMARY OF THE CASE**

Plaintiff seeks the return of a unique and valuable painting (the "Painting"). (<u>See</u> Verified Complaint ("<u>Compl.</u>") (ECF Doc. No. 1) at ¶¶ 1-4.) Plaintiff owns the Painting. (<u>Id.</u> ¶ 2.) In or about November 2017, Defendant took the Painting from the home of Defendant's estranged husband. (<u>Id.</u> ¶ 20.) Defendant's estranged husband is Plaintiff's son. (<u>Id.</u> ¶¶ 18-19.)

Defendant refused repeated and unequivocal demands to return the Painting to Plaintiff. (<u>Id.</u> ¶¶ 25-28.) Plaintiff believes that Defendant is keeping the Painting in New York County. (<u>Id.</u> ¶¶ 21-23.) Its specific whereabouts, and its condition, are unknown to Plaintiff. (<u>Id.</u> ¶¶ 21-22.)

Plaintiff is eager to determine the location and condition of her Painting. The Painting is a unique and delicate work of fine art. Failure to exercise due care in moving, storing or maintaining the Painting risks irreparable harm to the work, and therefore to Plaintiff as its owner.

WMULLEN@MULLENPC.COM | (646) 632-3718

## II.  PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Verified Complaint on January 25, 2018.  (ECF Doc. No. 1.)  On that date I communicated briefly with Mr. William Beslow, Esq., counsel for Defendant Shannon Hanson, concerning service of process upon his client.  Mr. Beslow agreed to accept service on Defendant's behalf.  (See ECF Doc. No. 6.)

I again contacted Defendant's counsel by email on January 26, 2018; January 29, 2018; and February 5, 2018 requesting to discuss the location and safekeeping of the painting.  I left Mr. Beslow's office a voicemail on February 13, 2018.  Counsel has not responded to these requests.

## III.  ARGUMENT

Rule 34 permits inspection of tangible personal property in a party's possession, custody or control.  Fed. R. Civ. P. 34(a)(1)(B).  It also permits entry upon the premises or property where the item to be inspected is located.  Fed. R. Civ. P. 34(a)(2).

Discovery prior to a Rule 26(f) conference generally requires a court order.  Fed. R. Civ. P. 26(d)(1); see Fed. R. Civ. P. 34(b)(2)(A).  Rule 26(d)(1) confers authority to expedite discovery.  Courts in this District evaluate requests to expedite discovery "under the flexible standard of reasonableness and good cause … ."  Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005).

The proposed discovery is reasonable, and good cause exists to grant Plaintiff's motion.

First, Plaintiff has a prima facie cause of action for conversion and replevin.  As sworn in the Verified Complaint:  (1) Plaintiff owns the Painting, which ownership is attested by a bill of sale and by the painter who created the work (Compl. ¶¶ 2, 12, 17); (2) Defendant took the Painting, (id. ¶ 20); and (3) Defendant refused demands for its return (id. ¶¶ 26, 28).

Second, Plaintiff's proposed discovery is narrowly tailored.  Plaintiff's Proposed Rule 34 Request seeks to allow counsel and a conservator to inspect the Painting and the location where Defendant is storing it.  (Exhibit A.)

Third, expedited discovery is appropriate to ensure that reasonable measures are being taken to care for the Painting.  Indeed, courts routinely grant expedited

discovery to determine the location and condition of unique works of art.  <u>JP Morgan Chase Bank v. Reijtenbagh</u>, 615 F. Supp. 2d 278, 282-83 (S.D.N.Y. 2009) (granting leave to conduct expedited discovery to determine the location of artworks in defendant's possession); <u>see</u> <u>Ball v. Cook</u>, No. 11 Civ. 5926 (RJS), 2012 U.S. Dist. LEXIS 147380 at *8 (S.D.N.Y. Oct. 9, 2012) (observing that plaintiff was entitled to expedited discovery in action to recover stolen artwork).

Fourth, the requested discovery is not available by other means.  Plaintiff has attempted to obtain information about the Painting informally, but Defendant has not responded.  Defendant's reluctance to respond to several requests to discuss the status the Painting "only increases the urgency of the need for discovery."  <u>Ayyash</u>, 233 F.R.D. at 327 (granting motion for expedited discovery against defendants deemed unlikely to participate in a prompt Rule 26(f) conference).

In summary, granting the proposed limited and expedited discovery will either assuage Plaintiff's legitimate concerns about the safety <u>pendente</u> <u>lite</u> of her valuable property, or allow her to evaluate the need for additional appropriate relief.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to serve the Proposed Rule 34 Request annexed hereto as Exhibit A and order Defendant to permit the requested discovery within 10 days of service.

In the alternative, Plaintiff respectfully requests a pre-motion conference regarding a motion for expedited discovery.

Respectfully,

*[signature]*

Wesley M. Mullen

Encl. (Exhibit A)

cc w/ encl:       William Beslow, Esq.
                  (via email to <u>wbeslow@wsbmatlaw.com</u>)
                  *Counsel for Defendant*

As the Court has not received any objection to Plaintiff's request, Plaintiff's application is GRANTED. Plaintiff may serve the proposed Rule 34 request appended to her application at Docket Entry #8-1.

Dated:    February 22, 2018         SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE