

WILLIAM S. BESLOW
wbeslow@wsbmatlaw.com

AIMEE M. MADDALENA
amaddalena@wsbmatlaw.com

NINA T. EDELMAN
nedelman@wsbmatlaw.com

April 4, 2018

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
42 Foley Square
New York, NY 10007

Failla_NYSDChambers@nysd.uscourts.gov


VIA ECF & Email

    Re: Hanson v. Hanson
        No. 1:18-cv-0695-KPF

Your Honor,

I represent Shannon Chang Hanson ("Ms. Hanson"), defendant in the captioned action. I write this letter in response to Mr. Mullen's letter to Your Honor, dated March 29, 2018 (the "Wellen Letter") and pursuant to the directive contained in Your Honor's letter dated March   , 2018.

I. SUMMARY OF THE CASE

    a. The Complaint

The Mullen Letter notes correctly that Ms. Hanson's Answer and Counterclaim (the "Ans") does not assert an affirmative defense to the Complaint ("Compl.") The Ans, however, denies that plaintiff, Wesla Hanson ("Mrs. Hanson"), is the owner of the painting which is the subject matter of the Compl. Thus, in paragraph a of the prayer for relief contained in the Ans., Ms. Hanson requests dismissal of the Compl.

    b. Ms. Hanson's Counterclaims

The foundation underlying Ms. Hanson's counterclaims based upon unjust enrichment and collateral estoppel is that (a) during the period between January 2015 and December 2015, Ms. Hanson devoted an enormous amount of time, energy, and effort to supervise a plan - which had previously been conceptualized by Ms. Hanson - to combine two apartments, Units 5W and 5E in the Building located at 184 Grand Street, New York, New York (the "Apts") owned by a revocable trust created by Mrs. Hanson) with the goal of increasing the value of the Apts; (b) Ms. Hanson performed services in reliance upon the promises and the representations (the "Promises and Representations") made by Mrs. Hanson and the oral agreement between Mrs. Hanson and Ms. Hanson;



(c) Ms. Hanson had a sound basis to trust Mrs. Hanson and to rely upon the integrity of the Promises and Representations, (d) the value of the Apts increased as a result of Ms. Hanson's services and Mrs. Hanson would be unjustly enriched if Ms. Hanson were not to receive reasonable compensation for her efforts [the claim for unjust enrichment]; and (e) Ms. Hanson should receive the compensation which Mrs. Hanson had promised and represented that she would receive [equitable estoppel].

II. STANDARD

On a motion for summary judgment to dismiss a complaint on the ground of the statute of fraud, a court should deny the motion if there is an issue of material fact as to whether the particular oral agreement is covered or falls within the statute of frauds. (*See, Jones v. Whelan,* 2003 WL 22327166 (S.D.N.Y. 2003) ("A motion for summary judgment based on the Statute of Frauds should be denied where issues of material fact exist with respect to whether a particular contract is covered by, or falls within, *U.S. West Fin. Srvs., Inc.,* 877 F.2d 200, 202-203 (2d Cir. 1989) (reversing summary judgment because there was an issue of fact regarding whether the plaintiff was a finder or a principal for purposes of the Statute of Frauds)."

While Mr. Mullen states that "New York's Statute of Frauds requires agreements related to real estate to be in writing (*see,* Mullen Letter at p. 2, par. 2), Mr. Mullen's statement is in error. General Obligations Law ("GOL") Section 5-701(a)(10) applies to contracts "to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein."

The Mullen Letter does not argue or suggest that the Promises and Representations or the oral agreement between Mrs. Hanson and Ms. Hanson fails to meet the legal predicates for a viable cause of action for promissory estoppel or unjust enrichment.[1] Mr. Mullen limits his attack on the Ans. to the Statute of Frauds, to wit, GOL Section 5-701(a)(10) and the cases cited in the Mullen Letter.

III. ARGUMENT

Mrs. Hanson did not request Ms. Hanson to negotiate a loan, Ms. Hanson did not agree to negotiate a loan, and Ms. Hanson did not negotiate a loan.

Mrs. Hanson did not request Ms. Hanson to negotiate the purchase, sale, exchange, renting or leasing of the Apts, Ms. Hanson did not agree to negotiate the purchase, sale, exchange, renting or Leasing of the Apts, and Ms. Hanson did not negotiate the purchase, sale, exchange, renting or leasing of the Apts.

Mrs. Hanson requested Ms. Hanson to implement Ms. Hanson's idea of renovating the Apts and combining them into one apartment so as to augment their value, Ms. Hanson agreed to implement her

---

[1] There is a sound legal footing for the counterclaims contained in the Ans. *E.g., Kaye v. Grossman,* 202 F.3d 611 (2d Cir. 2000) [promissory estoppel]; *Castellotti v. Free,* 138 A.D.3d 198 (1st Dep't 2016) [unjust enrichment]



idea of renovating them into one apartment, and in reliance upon the Promises and Representations and the oral agreement between Mrs. Hanson and her, Ms. Hanson performed the work and rendered the services which Mrs. Hanson had requested her to perform - which resulted in an enormous increase in the value of the Apts.

By reason of the narrow scope of the express language contained in GOL Section 5-701(10), such section does not apply to the counterclaims contained in the Ans. None of the cases cited at p. 3 of the Mullen Letter relate to promises, representations, or oral agreements as to real estate. Thus, they are inapposite.

Even if the Promises and Representations or the oral agreement between Mrs. Hanson and Ms. Hanson related to the sale of real estate, there are triable issues of material fact as to the counterclaims contained in the Ans. The Ans., as amplified by evidence which Ms. Hanson will offer in opposition to a motion for summary judgment, will show that Ms. Hanson meets the "part performance" exception to the Statute of Frauds, contained in GOL Section 5-703(4). Such evidence will show the three essential elements of the "part performance" exception: (a) an oral agreement between Mrs. Hanson and Ms. Hanson, (b) Ms. Hanson's reliance upon such oral agreement to her detriment, and (c) conduct (on the part of Ms. Hanson) which was "unequivocally referable" to such oral agreement (including but not limited to Ms. Hanson's incurring liability under a $600,000 bank loan, Ms. Hanson's sister contributing $50,000 to the renovation of the Apts, and Ms. Hanson performing enormous, dedicated, valuable, and time-consuming services during the period from January 2015 through December 2015 which, the evidence will show, resulted in an approximately $6 Million increase in the value of the Apts.) *See,* the New York cases cited in the discussion of "Unjust Enrichment" in *Knapp v. Maron,* No. 14 CV 2081, 2015 U.S. Distr. LEXIS 67372 (S.D.N.Y. May 22, 2015), cited at p. 3 of the Mullen Letter.

IV. CONCLUSION

There are triable issues of material fact; the Statute of Frauds is inapplicable; if the Statute of Frauds were not inapplicable, the "part performance" exception would apply. Thus, it would be ill-considered for Mrs. Hanson to move this Court for summary judgment dismissing the counterclaims contained in the Ans on the ground of the Statute of Frauds.

Respectfully,

William S. Beslow