**WESLEY M. MULLEN**

MULLEN P.C.
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

April 12, 2018

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Failla_NYSDChambers@nysd.uscourts.gov

<u>VIA ECF & EMAIL</u>

    Re:  <u>Hanson v. Hanson</u>, No. 1:18-cv-0695-KPF

Your Honor,

In accordance with the Notice of Initial Pretrial Conference entered February 2, 2018, (ECF Doc. No. 6), and Rule 3.B of the Court's Individual Practices, the undersigned counsel for the parties submit this joint letter to accompany the Proposed Civil Case Management Plan and Scheduling Order filed and submitted herewith.

**1.   Nature of the Action and Principal Defenses**

    A.  *Plaintiff's Summary of Claims and Defenses*

This is an action for replevin of <u>Blue Sky Diner</u> (1975) (the "<u>Painting</u>"), a valuable original work of art by photorealist painter John Baeder. Plaintiff and her husband purchased the Painting from Baeder at a gallery in or about 1975. Plaintiff has been the sole owner since her late husband passed in 1996.

Plaintiff seeks <u>inter</u> <u>alia</u> the return of the painting plus compensatory and punitive damages, and further seeks declaratory judgment of title.

Defendant's Answer, (ECF Doc. No. 12), denies that Plaintiff is the owner of the painting but asserts no affirmative defenses and avers nothing that would entitle Defendant to possession or ownership of the painting.

Defendant asserts counterclaims for promissory estoppel and unjust enrichment. The counterclaims are unrelated to Plaintiff's claims; they are retaliatory; and they are subject to dismissal for failure plausibly to plead a cause

of action not barred by the Statute of Frauds. Plaintiff's anticipated Rule 12(b) motion is described at greater length in pre-motion letters. (ECF Docs. Nos. 13, 16).)

### B. Defendant's Summary of Claims and Defenses

Defendant's defense to the Complaint is that plaintiff had gifted the Painting to defendant and her husband.

After performing research and consulting with her husband, Duane Hanson (the son of plaintiff), defendant formed the opinion that the two cooperative apartments owned by a revocable trust created by plaintiff should be renovated and converted into one unit (the "Unit") so as to increase the value thereof.

Plaintiff approved defendant's idea and authorized defendant to implement it. Plaintiff agreed that defendant would receive compensation for her services from sale of the unit and during the period prior to sale of the Unit.

Defendant played the lead role in implementing her idea and performed substantial services from conceptualization of the project through its completion. Defendant helped finance the project by co-signing a mortgage note and arranging for her sister to contribute thereto.

As of January 2015, the fair market value of the two apartments was approximately $2.8 Million. As of the present time, the fair market value of the Unit is approximately $8.0 Million. Plaintiff and defendant entered into an oral agreement, defendant relied upon such oral agreement to her detriment, and defendant's actions were unequivocally referable to the oral agreement.

Plaintiff is estopped equitably from denying defendant's rights arising out of her promises and representations to defendant and plaintiff would be unjustly enriched if defendant were not to receive compensation commensurate with the financial benefit she conferred upon the revocable trust.

## 2. Jurisdiction and Venue

Facts giving rise to diversity jurisdiction are not in dispute. Plaintiff is citizen of Florida; Defendant is a citizen of New York; and the value of the Painting exceeds the statutory minimum under 28 U.S.C. § 1332. (Compl. ¶ 7; Ans. ¶ 7.)

The parties agree that venue lies in this District. (Compl. ¶ 9; Ans. ¶ 9.)

3. **Deadlines**

An Initial Pretrial Conference will be held at 2:30 pm on April 20, 2018.

4. **Motions Outstanding**

There are no motions pending. Plaintiff has proposed to file a motion to dismiss Defendant's counterclaims. (See ECF Docs. Nos. 13, 16.)

5. **Discovery**

Discovery has not commenced. The parties propose to defer substantive discovery until after resolution of Plaintiff's motion to dismiss.

6. **Settlement**

As of the date of this letter, no settlement discussions have taken place. Plaintiff requests a settlement conference.

7. **Other Information**

In February, Plaintiff sought expedited discovery of the location and condition of the Painting.

In lieu of providing the requested discovery, the parties agreed that Defendant would relinquish the Painting to an art conservator retained by Plaintiff. Such agreements as to location and possession of the Painting pendente lite are without prejudice to any party's position in this action; and Plaintiff has agreed to safeguard the painting pending a resolution of this litigation.

Respectfully and jointly submitted,

_____     _____
Wesley M. Mullen (WM1212)           William S. Beslow
MULLEN P.C.                         Law Office of William Beslow
200 Park Avenue, Suite 1700         623 Fifth Avenue
New York, NY 10166                  New York, NY 10022
(646) 632-3718                      (212) 698-1171
wmullen@mullenpc.com                wbeslow@wsbmatlaw.com
COUNSEL FOR PLAINTIFF               COUNSEL FOR DEFENDANT